UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

HELEN BROWN, ANGELO BRANCH, and D.B.,
a minor by his M/N/G, HELEN BROWN,

           Plaintiffs,

   -against-

CITY OF NEW YORK, and JOHN and JANE DOE
1 through 15, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

         Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

Index No.

<u>Jury Trial Demanded</u>

    Plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B., by their attorneys, Leventhal Law Group, P.C., complaining of the defendants, respectfully allege as follows:

<h2 style="text-align:center"><u>Preliminary Statement</u></h2>

    1.  Plaintiffs brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts supplemental state law claims.

<h2 style="text-align:center"><u>JURISDICTION</u></h2>

    2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.  Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

<h2 style="text-align:center"><u>VENUE</u></h2>

    4.  Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.    Plaintiff HELEN BROWN is a forty-seven year old disabled African-American woman who resides in Staten Island, New York.

7.    Plaintiff ANGELO BRANCH is a thirty-four year old African-American male who resides in Staten Island, New York.

8.    Plaintiff D.B. is a thirteen-year old African-American male with developmental disabilities, he is also the son of plaintiffs HELEN BROWN and ANGELO BRANCH.

9.    Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.    Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

11.    That at all times hereinafter mentioned, the individually named defendants, JOHN and JANE DOE 1 through 15, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

2

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

14.     On April 15, 2014, at approximately 9:50 p.m., plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. were lawfully present inside their home, located inside Apartment 2B, at 239 Jefferson Street, Staten Island, New York.

15.     At the time, defendants JOHN and JANE DOES 1 through 10, NYPD police officers dressed in tactical gear and possessing tactical equipment which included riot helmets and large riot shields unlawfully broke down the door to plaintiffs' apartment, entered with their weapons drawn, and pointed said weapons at plaintiffs.

16.     In particular, defendant JOHN DOE 1 pointed his weapon at plaintiff ANGELO BRANCH's head and body, defendant JOHN DOE 2 pointed his weapon at plaintiff HELEN BROWN's head and body, and defendant JANE DOE 1 pointed her weapon at defendant D.B.'s head.

17.     Immediately prior to entering the apartment, the defendants did not have probable cause to believe any criminal activity had occurred or was occurring therein, nor did they have probable cause to believe that any illegal item(s) or evidence of criminality was present inside the apartment.

18.     After unlawfully entering the apartment, defendant JOHN DOE 1 struck plaintiff

3

ANGELO BRANCH in the face and body numerous times with his body shield, pushed him into a bedroom, threw him onto a bed therein, restrained plaintiff ANGELO BRANCH's neck and back with his riot shield and knees, and then handcuffed him with his arms behind his back, thereby causing physical injuries to plaintiff ANGELO BRANCH's face and back.

19.     While being handcuffed, plaintiff ANGELO BRANCH was also punched in the testicles by one of the defendants.

20.     The handcuffs were applied in an excessively tight manner to plaintiff ANGELO BRANCH's wrists.

21.     Defendant JOHN DOE 2, while pointing his weapon at plaintiff HELEN BROWN, told her in sum and substance - get down on the floor.

22.     While plaintiff HELEN BROWN was holding a lit cigarette, defendant JANE DOE 2 grabbed BROWN's hand causing the cigarette to burn her hand.

23.     Plaintiff HELEN BROWN, who is disabled and suffering from rheumatoid arthritis, fibromyalgia, asthma, and back injuries, began slowly moving to the floor and explaining that she was having trouble getting down on the floor due to her disabilities.

24.     While plaintiff HELEN BROWN was slowly moving toward the floor, defendant JANE DOE 2 threw BROWN to the floor, stomped on her back, and then handcuffed her with her arms behind her back, thereby causing physical injuries to plaintiff HELEN BROWN's back, legs, and arms. The handcuffs were also applied in an excessively tight manner to plaintiff HELEN BROWN's wrists.

25.     Plaintiff HELEN BROWN was then unlawfully searched by the defendants, and during said search, her breasts and buttocks were touched in an offensive manner.

4

26.     Defendant JANE DOE 1 pointed her weapon at plaintiff D.B.'s face, while he was asleep in his bed.

27.     After D.B. awoke, JANE DOE 1, in an apparent attempt to lift him out of his bed, pulled on D.B.'s arm in a violent manner, thereby causing physical injuries to plaintiff's D.B.'s arm.

28.     Thereafter, D.B. was handcuffed by one of the defendants and lead out of his bedroom.

29.     Plaintiffs HELEN BROWN and ANGELO BRANCH were removed from the apartment and transported by the defendants to the 122nd police precinct while handcuffed.

30.     When plaintiff HELEN BROWN was removed from the apartment she was inappropriately dressed for the weather.  She was wearing short pajamas, a tank top and wind breaker jacket.  BROWN requested that she be allowed to dress appropriately but the defendants refused BROWN's request.  Thereafter, as a result of being exposed to the weather, BROWN became physically ill.

31.     Plaintiff D.B. was lead into the hallway outside his apartment by the defendants, where they ordered plaintiff D.B. to sit on the floor.

32.     Plaintiff D.B. remained on the floor outside his apartment for a number of hours, while the defendants searched the apartment.  The defendants damaged numerous items in the apartment including a television, a couch, three beds and multiple pieces of furniture.

33.     Thereafter, D.B. was transported by the defendants to the 122nd precinct, where he was placed in what appeared to be a lunch room.

34.     When plaintiff D.B. was removed from the apartment, he was inappropriately

dressed for the weather.  He was wearing house slippers, shorts and a sweatshirt.  Thereafter, as a result of being exposed to the weather, D.B. became physically ill.

35.     Defendants JOHN and JANE DOE 11 through 15 are the NYPD officers and/or detectives, who imprisoned, interrogated, and otherwise interacted with plaintiffs after they arrived at the 122nd precinct on April 15, 2014.

36.     After arriving at the 122nd precinct, plaintiffs HELEN BROWN and ANGELO BRANCH were placed in separate interrogation rooms and each was asked in sum and substance by the defendants - who threw the gun from their apartment window?

37.     Plaintiffs HELEN BROWN and ANGELO BRANCH each separately and unequivocally responded, in sum and substance, that no one possessed a gun in their apartment and no one threw a gun from their window at any time throughout their interrogations.

38.      The defendants who were questioning plaintiff ANGELO BRANCH told him, in in sum and substance, that they had a video and pictures that showed a gun being thrown from the plaintiffs' apartment window.

39.     Plaintiff ANGELO BRANCH, knowing that a gun was never thrown from his apartment window, asked to see the video.

40.     The defendants thereafter played the video in front of plaintiff ANGELO BRANCH.

41.     The defendants also played the aforementioned video in front of plaintiff HELEN BROWN.

42.     Upon information and belief, the video shown was footage obtained from the New York City Housing Authority and the footage consisted of a black plastic bag fluttering in

the breeze down towards the street from the direction of plaintiffs' apartment window.

43.     After the video was played, it was obvious to all who viewed it, plaintiffs ANGELO BRANCH and HELEN BROWN, as well as to the defendants, that the bag shown in the video, which fluttered down in the breeze, did not contain a firearm.

44.     One of the defendants, then stated in sum and substance – We're human, we make mistakes.

45.     Plaintiffs ANGELO BRANCH and HELEN BROWN were then reunited with their son, plaintiff D.B. inside the precinct and thereafter driven home by the defendants at approximately 2:00 a.m. on April 16, 2014.

46.     No charges were ever filed against plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. in connection with the events of April 15-16, 2014 described herein.

47.     The defendant NYPD officers JOHN and JANE DOE 1 through 15 either directly participated in and/or failed to intervene in the unlawful entry into the plaintiff's home, the excessive use of force against the plaintiffs, and in the false arrest of the plaintiffs.

48.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a custom, policy, and/or practice of: unlawfully entering homes and using excessive force against individuals.

49.     The aforesaid event is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts

7

in the Eastern and Southern Districts of New York as well as in New York State courts.  As a result, defendant CITY OF NEW YORK is aware (from said lawsuits as well as notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force.

50.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

51.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

52.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

53.    All of the aforementioned acts deprived plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

54.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

8

attendant thereto.

55.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

56.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

57.     As a result of the foregoing, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Unlawful Entry into the Home under 42 U.S.C. § 1983)

58.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Upon information and belief, defendants unlawfully entered plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B.'s home.

60.     As a result plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B.'s right to be free from an unlawful entry into the home via the Fourth Amendment was violated.

61.     As a result of the foregoing, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. are entitled to compensatory damages in an amount to be fixed by a jury, and is further

entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. § 1983)

62.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.    Defendants unreasonably searched the home of plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B.

64.    As a result plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B.'s right to be free from unreasonable searches via the FOURTH AMENDMENT was violated.

65.    As a result of the foregoing, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

66.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.    The Defendants arrested plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

68.    Defendants caused plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. to be falsely arrested and unlawfully imprisoned.

69.     As a result of the foregoing, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

70.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     The level of force employed by the defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B.'s constitutional rights.

72.     As a result of the aforementioned conduct of the defendants, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. were subjected to excessive force and sustained physical and emotional injuries.

73.     As a result of the foregoing, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

74.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Defendants had an affirmative duty to intervene on behalf of plaintiffs HELEN

11

BROWN, ANGELO BRANCH, and D.B., whose constitutional rights were being violated in their presence by other officers.

76.    The defendants failed to intervene to prevent the unlawful conduct described herein.

77.    As a result of the foregoing, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. were subjected to excessive force and put in fear of their safety, and their home was unlawfully entered and searched.

78.    As a result of the foregoing, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

79.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

81.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B.'s rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train,

discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

82. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B.

83. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. as alleged herein.

84. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. as alleged herein.

85. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B.'s home was unlawfully entered and searched, and they were unlawfully arrested and subjected to excessive force.

86. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B.'s constitutional rights.

87.     All of the foregoing acts by defendants deprived plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. of federally protected rights, including, but not limited to, the right:

        A.     To be free from an unlawful entry and search of their home;

        B.     Not to be deprived of liberty without due process of law;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be free from excessive force; and

        D.     To be free from the failure to intervene.

88.     As a result of the foregoing, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

89.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.     Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

91.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

92.     This action was commenced within one (1) year and ninety (90) days after the

cause of action herein accrued.

93.     Plaintiffs has complied with all conditions precedent to maintaining the instant action.

94.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

95.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.     Defendants arrested plaintiffs HELEN BROWN, ANGELO, and D.B. without probable cause.

97.     Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

98.     As a result of the aforementioned conduct, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. were unlawfully imprisoned in violation of their laws of the State of New York.

99.     As a result of the aforementioned conduct, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. suffered physical and mental injuries, together with embarrassment, humiliation, shock, fright, and loss of freedom.

100.    As a result of the foregoing, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

15

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(<u>Assault under the laws of the State of New York</u>)

101.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    As a result of the foregoing, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. were placed in apprehension of imminent harmful and offensive bodily contact.

103.    As a result of defendant's conduct, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

104.    As a result of the foregoing, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(<u>Battery under the laws of the State of New York</u>)

105.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.    Defendants made offensive contact with plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. without privilege or consent.

107.    As a result of defendants' conduct, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. have suffered physical pain and mental anguish, together with shock, fright,

16

apprehension, embarrassment, and humiliation.

108.    As a result of the foregoing, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York as to defendant CITY OF NEW YORK)

109.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrests of plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B.

111.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

112.    As a result of the foregoing, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York as to defendant CITY OF NEW YORK)

113.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the unlawful entry and search of plaintiffs' home, and in the excessive use of force against and the arrest of plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B.

115.    As a result of the foregoing, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York
as to all defendants)

116.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

118.    As a result of the foregoing, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by

a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York as to defendant CITY OF NEW YORK)

119.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

121.    As a result of the foregoing, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Violation of NYS Constitution Article 1 §12 as to all defendants)

122.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

123.    As a result of defendants' conduct, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. were deprived of their right to security against unreasonable searches, seizures, and interceptions.

124.    As a result of the foregoing, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. are entitled to compensatory damages in an amount to be fixed by a jury, and are

further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs HELEN BROWN, ANGELO BRANCH, and D.B. demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       July 14, 2015

LEVENTHAL LAW GROUP, P.C.
Attorneys for Plaintiffs HELEN BROWN,
ANGELO BRANCH, and D.B.
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600

By:   _____
       JASON LEVENTHAL (JL1067)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

HELEN BROWN, ANGELO BRANCH, and D.B.,
a minor by his M/N/G, HELEN BROWN,

                                     Plaintiffs,

                                                                 Index No.

       -against-

CITY OF NEW YORK, JOHN and JANE DOE
1 through 15, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                     Defendants,

--------------------------------------------------------------------------------X

**COMPLAINT**

**LEVENTHAL LAW GROUP, P.C.**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600